IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY L. WILLIAMS, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>UNITED PARCEL SERVICE, INC., )<br>　　　　　Defendant. ) | Civil Action No. 12-122<br><br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 11 |

## OPINION

**KELLY, Magistrate Judge**

Plaintiff Jeffrey L. Williams ("Plaintiff" or "Williams") brings this employment discrimination case against his former employer, United Parcel Service, Inc. ("UPS"). Plaintiff, a 43 year-old white male, has filed an Amended Complaint [ECF No. 9] and asserts claims for (1) age discrimination under the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*; (2) reverse gender discrimination, reverse race discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §§ 2000e-2, *et seq.*; and (3) state claims of discrimination under the Pennsylvania Human Relations Act. UPS has filed a "Motion to Dismiss the Race and Gender Discrimination Claims and the Retaliation Claims of the Amended Complaint." [ECF No. 11]. For the following reasons, the Motion is denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In the Amended Complaint, Williams alleges that he was employed by UPS for sixteen (16) years, most recently as an "Operations Supervisor/Manager." He asserts that he was

1

qualified for his position and performed well, without a single disciplinary action during his tenure, until 2009, when UPS named Doris Smith, a black woman as his supervisor. Williams alleges that Ms. Smith discriminated against him and comparable white men over the age of forty (40) because of gender, race and age. He also alleges that Ms. Smith adversely impacted his terms and conditions of employment by physically assaulting him on at least three occasions between August 14, 2009, and November 17, 2009. It is further alleged that Ms. Smith stated her preference to hire an African-American pre-loader. Williams alleges that although several employees complained about Ms. Smith, UPS tolerated her conduct solely because she was a black female and, rather than terminate her, transferred her to new job locations.

Williams alleges he was treated differently because of his age, gender and race, and that UPS retaliated against him for lodging complaints concerning race and age discrimination. Williams alleges that he first complained about his supervisor's treatment of him beginning in October 2009 and that he was discharged on December 11, 2009. The Amended Complaint alleges UPS used an immaterial violation of UPS' Honesty and Integrity Policy as a pretext for Williams' termination. The purported violation arose out of misrepresentations concerning his presence in a UPS-owned truck during an accident caused by another UPS driver. Plaintiff contends that after he lodged complaints about his supervisor, he was aggressively interrogated about the accident. In the course of the interrogation, he made "immaterial" misstatements which UPS relied upon to terminate his employment. Williams alleges that other younger or non-white employees who violated the Honesty and Integrity Policy were retained or permitted to resign in lieu of termination. In particular, he alleges that a black female who submitted falsified time cards and who threatened employees was not discharged but, instead, was permitted to resign.

Subsequent to his termination, Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Williams then commenced the instant action with a Complaint asserting the causes of action at issue now. [ECF No. 1]. UPS moved to dismiss the original Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on the pleading standards set forth in the United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). [ECF No. 4]. Plaintiff filed an Amended Complaint, setting forth additional facts to support his claims.

UPS has filed an Answer to Plaintiff's Amended Complaint with regard to the allegations of age discrimination arising under the ADEA [ECF No. 10], and has filed a Motion to Dismiss Williams' restated claims for retaliation, and reverse race and gender discrimination and retaliation. [ECF No. 11]. Defendant contends that the dismissal of these claims is appropriate because the Amended Complaint does not cure the inadequacy of the claims as asserted in the original Complaint.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss." Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679. In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679.

## III. DISCUSSION

### A. Race and Gender Discrimination Claims

In the Amended Complaint, Williams alleges that UPS discriminated against him on the basis of race and gender, and that as a result, he suffered a hostile work environment. He further asserts that his claims of discrimination are supported by the written statements of seventeen (17) co-workers.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or]... sex ...." 42 U.S.C. § 2000e–2(a).

Title VII claims are analyzed under the familiar burden-shifting framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 79 (1973); and see Jones v. School Dist. of Philadelphia, 198 F.3d 403 (3d Cir. 1999). Under this standard, a plaintiff must first establish a prima facie case of discrimination by showing: (1) the employee is a member of a protected class; (2) the employee is qualified for the position; (3) the employee suffered an adverse employment action; and (4) the action was taken under circumstances that give rise to an inference of unlawful discrimination. Jones, 198 F.3d at 410–11. If a plaintiff is successful, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the employment action. McDonnell Douglas, 411 U.S. at 802. Once a legitimate reason for the employment action is presented, the burden shifts back to the plaintiff to show that the employer's proffered reason was in fact pretext for gender or race discrimination. Id. at 804; Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp. 2d 502, 517 (E.D. Pa. 2012).

In cases alleging "reverse discrimination," where a non-protected class is the target of the alleged discrimination, the first prong of the prima facie analysis is removed. See Iadimarco v. Runyon, 190 F.3d 151, 157–58 (3d Cir.1999) ("[A] plaintiff who brings a 'reverse discrimination' suit under Title VII should be able to establish a prima facie case in the absence of direct evidence of discrimination by presenting sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff 'less favorably than others because of [his] ... sex ....' "). Therefore, to establish a prima facie "reverse discrimination" case, a "plaintiff must show (1) he or she was qualified for the position in question, (2) he or she suffered an adverse employment action, and (3) the evidence is adequate to create an inference that the adverse employment action [or less favorable treatment] was based on a trait protected by Title VII." Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp. 2d 502, 517 (E.D. Pa. 2012)(quoting Warenecki v. City of Philadelphia, No. 10–1450, 2010 WL 4344558, at *5 (E.D. Pa. Nov. 3, 2010)).

However, to survive a motion to dismiss, a plaintiff need not establish the elements of a prima facie case; a plaintiff merely must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) (internal quotation and citations omitted). Accordingly, Plaintiff's Amended Complaint must be examined to see if he pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176–177 (3d Cir.2010) (discussing the Twombly/Iqbal standard). As we have noted previously, Twombly's

"plausibility paradigm ... applies with equal force to analyzing the adequacy of claims of employment discrimination." Fowler, 578 F.3d at 211 (citing Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008)).

In the case at issue, Plaintiff alleges, as to the first prong of a prima facie case of discrimination, that he was qualified for the position of Operations Supervisor/Manager and had no disciplinary issues during his 16 years with UPS. As to the second prong, Plaintiff alleges that he was improperly terminated based upon factors related to his race, sex and gender. An "adverse employment action," has been defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Plaintiff's termination certainly is sufficient to qualify as an adverse employment action. In addition, the Amended Complaint alleges that he was held to standards with regard to the UPS Honesty and Integrity Policy that were not applied to those who were black and female and that, as a result, he was improperly terminated.

UPS contends that more is required at the pleading stage. Citing Warfield v. SEPTA, No. 11-2606, 2012 WL 363062 (3d Cir. Feb. 6, 2012), UPS argues that Plaintiff's Amended Complaint fails to allege facts sufficient to establish that his "comparators," or similarly situated employees who were not in his protected class, were treated more favorably. In Warfield, the United States Court of Appeals for the Third Circuit concluded that the plaintiff failed to meet her evidentiary burden to demonstrate that the comparator was sufficiently similar in all relevant respects to defeat a motion for summary judgment. UPS' reliance on Warfield at this early stage of this litigation, however, is misplaced. Simply stated, Warfield was decided on a fully developed record, after discovery, and on a motion for summary judgment.

Here, review of the Amended Complaint reveals that Williams has alleged facts sufficient to make out a prima facie case of reverse gender and reverse race discrimination. Accordingly, the Motion to Dismiss as to Plaintiff's race and gender discrimination claims is denied.

**B. Retaliation**

UPS also seeks dismissal of Plaintiff's claim for retaliation, contending that the Amended Complaint fails to allege facts sufficient to support a finding that his termination was causally connected to protected complaints about his new supervisor. The Court disagrees. To establish a prima facie case of retaliation, a plaintiff must show that: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000); see also, e.g., Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir.1997) (describing the third requirement as a "causal connection"); Ward v. MBNA Am. (Bank of Am.), 839 F. Supp. 2d 752, 758 (D. Del. 2012)

Williams alleges that he complained to the UPS Human Resources Representative about his perception of age, race and gender discrimination with regard to treatment by an immediate supervisor in October 2009, and that he was terminated one month later. In addition, Plaintiff alleges that as a result of his complaints, he was treated differently with regard to the UPS Honesty and Integrity Policy than other similarly situated employees based upon his age and race, and that this disparate treatment resulted in his termination. [ECF Nos. 9, ¶¶ 30 – 42]. After reviewing the Amended Complaint and liberally construing the allegations, the Court

concludes that Williams has adequately alleged a prima facie case of retaliation at this early stage of the litigation. Accordingly, the Motion to Dismiss Plaintiff's retaliation claim is denied.

## IV. CONCLUSION

For the foregoing reasons, the partial Motion to Dismiss the Race and Gender Discrimination Claims and the Retaliations Claims of the Amended Complaint [ECF No. 11] is denied. An appropriate order will be entered.

## ORDER

AND NOW this 5th day of March, 2013, upon review of Defendants Motion to Dismiss the Race and Gender Discrimination Claims and the Retaliations Claims of the Amended Complaint [ECF No. 11], and for the reasons set forth in the accompanying opinion issued this date, IT IS HEREBY ORDERED that the Motion to Dismiss is denied.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing